[Cite as *Hunter v. Green*, 2012-Ohio-5801.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WILLIAM W. HUNTER, JR. | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 12-CA-2 |
| STACEE H. GREEN, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Coshocton County Court
of Common Pleas, Case No. 03-CI-302

JUDGMENT:                                 AFFIRMED

DATE OF JUDGMENT ENTRY:     November 27, 2012

APPEARANCES:

For Appellant:                                      For Appellees:

PHILLIP L. HARMON                          SCOTT D. SCHOCKLING
6649 N. High St., Suite 105               5073 Bixby Rd.
Worthington, OH 43085                     Groveport, OH 43215

                                                          BRIAN W. BENBOW
                                                          605 Market St., Suite 1
                                                          Zanesville, OH 43701

*Delaney, P.J.*

{¶1} Plaintiff-Appellant William W. Hunter, Jr. appeals the January 20, 2012 judgment entry of the Coshocton County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2} In the 1980's, Plaintiff-Appellant William W. Hunter, Jr. and Defendant-Appellee Stacee H. Green were in a romantic relationship. The romantic relationship ended, but the two remained friends.

{¶3} Hunter owned a farm located in Coshocton County, Ohio. In 1996, Hunter was involved in a probate matter with his siblings. Concerned his siblings might sue him for attorney's fees accrued from the probate litigation, Hunter decided to transfer the ownership of his farm to Green. Hunter states he and Green made an oral agreement that Green would convey the farm back to Hunter when Hunter asked for its return.

{¶4} Hunter hired Attorney Geoffrey Albrecht to complete the transfer of the property. The real estate transfer documents contemplated the sale of the farm to Green for $135,000.00, with Hunter financing $115,000.00 of the purchase price. Attorney Albrecht prepared the documents for the sale of farm to Green, including a real estate purchase contract, closing statement, warranty deed, real estate conveyance statement, and promissory note. Attorney Albrecht also prepared two promissory notes for $10,000.00 signed by Hunter and payable to Green on demand.

{¶5} Attorney Albrecht also prepared IRS Forms 1096 and 1099, indicating Hunter sold the farm for value. The parties, however, never exchanged any money for the sale of the farm.

{¶6} The warranty deed prepared by Attorney Albrecht was not recorded. Hunter hired Attorney Quincy Baker to handle the transaction to ensure the tax consequences to Hunter would be minimized. Attorney Baker became ill and his partner, Attorney Michael McCullough took over the matter. Attorney McCullough completed the transfer of the property by preparing a warranty deed from Hunter to Green. The warranty deed was signed by Hunter on April 14, 1997 and recorded by the Coshocton County Recorder.

{¶7} The purchase contract, warranty deed, and promissory notes did not contain any language, as condition or exception, memorializing the alleged oral agreement between Hunter and Green that Green would convey the farm back to Hunter upon his demand.

{¶8} Hunter corresponded with Green in 1998 and demanded Green return the farm to him. Green refused.

{¶9} In August 1999, Hunter filed suit in Franklin County against Green and Green's parents, Defendants-Appellees Herschel L. and Syvonia E. Green. Hunter dismissed the Franklin County case and re-filed the action in the Coshocton County Court of Common Pleas on May 19, 2003. Hunter alleged nine counts in his complaint: (1) breach of contract; (2) slander of title; (3) negligence; (4) money due on account; (5) unjust enrichment; (6) lis pendens; (7) breach of fiduciary duty; (8) fraud; and (9) tortious interference with contract. In addition to his allegation Green failed to return the farm, Hunter also alleged he gave the Greens certain valuable personal property in bailment and paid for certain real estate construction.

{¶10} The Greens filed an answer denying the allegations and filed a counterclaim. The counterclaim set out ten causes of action: (1) complaint for declaratory judgment; (2) complaint on account; (3) claim for profits; (4) trespass; (5) claim on a promissory note; (6) claim on a second promissory note; (7) claim for loan repayment; (8) unjust enrichment; (9) trespass at 882 Kelton Avenue and 889 Kelton Avenue; and (10) trespass at 897 Kelton Avenue. The Greens contended all the real and personal property transfers and construction costs were unconditional gifts from Hunter and they owed him nothing.

{¶11} The Greens filed a partial motion for summary judgment on Hunter's complaint. Hunter did not respond to the motion for summary judgment. The trial court granted the motion for partial summary judgment in favor of the Greens and dismissed Hunter's causes of action for breach of contract, breach of fiduciary duty, and fraud. In its decision, the trial court found there was no writing incorporating Hunter's claim Stacee Green agreed she would re-convey the farm back to Hunter. As such, the trial court found Hunter did not present evidence that would satisfy the statute of frauds. The trial court found Hunter's donative intent in conveying the farm was supported by evidence from his own attorneys, and therefore there was no genuine issue of material fact. The trial court denied Hunter's motion to set aside the judgment.

{¶12} In July 2005, the trial court conducted the first jury trial on the remaining claims. Hunter voluntarily dismissed the negligence claim of damage to personal property and the trial court construed this as a voluntary dismissal of a portion of count five, unjust enrichment to personal property. Hunter also voluntarily dismissed tortious

interference and modified count four, money due on account. Hunter argued his counsel did so all without Hunter's knowledge or consent. The matter was set for trial on the remaining counts and the counterclaim.

{¶13} On July 25, 2005, midway through the trial, the trial court declared a mistrial on the remaining counts, but found any prior dismissals would stand. The trial court found the only issue remaining for retrial was a portion of Hunter's count five, unjust enrichment, as it pertained to Hunter's payment of the repair and construction costs for which the Greens allegedly had not reimbursed Hunter.

{¶14} Hunter appealed the decision to this Court, but we dismissed the appeal for lack of a final, appealable order.

{¶15} The trial court then held a bench trial in September 2008. The trial court entered final judgment on March 20, 2009, which reaffirmed its prior judgment entries; dismissed Hunter's remaining claims for unjust enrichment; found the first count of the Greens' counterclaim moot; dismissed counterclaims two, three, five and six; granted counterclaims four, seven, eight, nine, and ten; and awarded Stacee Green $8,000.00. The entry disposed of all the remaining claims.

{¶16} Hunter appealed the March 20, 2009 judgment entry in *William W. Hunter, Jr. v. Stacee H. Green, et al.*, 5th Dist. No. 09-CA-0010, 2010-Ohio-1460 ("*Hunter I*"). On appeal, Hunter raised six assignments of error. Relevant to this appeal, Hunter argued in his first assignment of error the trial court erred in dismissing his claims for breach of contract, breach of fiduciary duty, and fraud when it granted Stacee Green's motion for partial summary judgment. Upon our de novo review, we agreed.

{¶17} The record contained Form DTE 100, entitled "Statement of Reason for Exemption from Real Property Conveyance Fee." It is the form a grantee must present to the county auditor to demonstrate no conveyance fee should be charged on a real property transfer. The exhibit listed Hunter as the grantor and identified the property in question by the permanent parcel numbers. The signature was illegible, but we presumed Green or her representative signed the form as grantee. The form listed a number of situations in which no transaction fee is collected. Green checked (m): "[a transfer] to or from a person when no money or other valuable and tangible consideration readily convertible into money is paid or to be paid for the real estate and the transaction is not a gift." We found this evidence contradicted Green's claim that the transfer was a gift and could be construed as a writing supporting Hunter's contention he retained an equitable interest in the farm. *Hunter I*, at ¶ 32, 34. We reversed the decision of the trial court to dismiss Hunter's claims through summary judgment and remanded the matter to the trial court because there was a genuine issue of material fact as to Hunter's intent in transferring the farm to Green. *Id.* at ¶35.

{¶18} Upon remand, the trial court held a bench trial on Hunter's claims for breach of contract, breach of fiduciary duty, and fraud. The parties filed post-trial briefs. On January 20, 2012, the trial court issued its findings of fact and conclusions of law. It found there was no writing incorporating Hunter's claim that Green agreed to re-convey the farm back to Hunter, thereby violating the requirements of the statute of frauds. When Hunter transferred the farm to Green without any conditions or exceptions memorialized in writing, Hunter released any right, title, or interest he had in the farm.

{¶19} It is from this decision Hunter now appeals.

## ASSIGNMENTS OF ERROR

{¶20} Hunter raises one Assignment of Error:

{¶21} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO CONSTRUE THE PURCHASE CONTRACT, THE PROMISSORY NOTE AND THE MORTGAGE DEED, COLLECTIVELY, AS A 'WRITING' WHICH SATISFIES THE STATUTE OF FRAUDS. (R. 148, JUDGMENT ENTRY, JANUARY 20, 2012, P. 5; APPDX., P. 39-46)."

## ANALYSIS

{¶22} Hunter argues in his sole Assignment of Error the trial court erred in determining the alleged oral agreement between Hunter and Green to re-convey the farm to Hunter did not comply with the statute of frauds, causing Hunter's claims for breach of contract, breach of fiduciary duty, and fraud against Green to fail.

{¶23} The trial court conducted a bench trial on this case. As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base his or her judgment. *Peterson v. Peterson*, 5th Dist. No. CT2003–0049, 2004–Ohio–4714, ¶ 10, citing *Cross Truck v. Jeffries*, 5th Dist. No. CA–5758, 1982 WL 2911 (Feb. 10, 1982).

{¶24} Questions of law are reviewed by the court de novo. *Erie Ins. Co. v. Paradise*, 5th Dist. No.2008CA00084, 2009–Ohio–4005, ¶ 12.

{¶25} In *Eastley v. Volkman*, 132 Ohio St.3d 328, 21012–Ohio–2179, 972 N.E.2d 517, the Ohio Supreme Court recently clarified the standard of review

appellate courts should apply when assessing the manifest weight of the evidence in a civil case. *SST Bearing Corp v. Twin City Fan Companies, Ltd.*, 1st Dist. No. C110611, 2012–Ohio–2490, ¶ 16. The Ohio Supreme Court held the standard of review for manifest weight of the evidence for criminal cases stated in *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), is also applicable in civil cases. *Eastley*, at ¶ 17–19. A reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine "whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Eastley*, at ¶ 20 quoting *Twearson v. Simon*, 141 Ohio App.3d 103, 115, 750 N.E.2d 176 (9th Dist.2001); *See also Sheet Metal Workers Local Union No. 33 v. Sutton*, 5th Dist No. 2011 CA00262, 2012–Ohio–3549 citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶26} "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Eastley*, at ¶ 19.

{¶27} The statute of frauds is codified in Chapter 1335 of the Ohio Revised Code. R.C. 1335.04 governs the interest in land to be granted in writing and states the following:

> No lease, estate, or interest, either of freehold or term of years, or any
> uncertain interest of, in, or out of lands, tenements, or hereditaments,
> shall be assigned or granted except by deed, or note in writing, signed

by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law.

{¶28} R.C. 1335.05 governs certain agreements to be in writing and states the following in pertinent part:

No action shall be brought whereby to charge the defendant, * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

{¶29} In *Hunter I*, we stated: "A signed memorandum is sufficient to satisfy the statute of frauds so long as it (1) identifies the subject matter of the agreement; (2) establishes that a contract has been made; and (3) states the essential terms with reasonable certainty." 2010–Ohio–1460, ¶ 28 quoting *Landskroner v. Landskroner*, 154 Ohio App.3d 471, 2003–Ohio–4945, 797 N.E.2d 1002; *See also Doane v. Blood*, 5th Dist. No. CA–8579, 1991 WL 242080 (Oct. 21, 1991). "'It does not have to be a formal memorial of the agreement, nor does it need to contain all of the terms of the agreement. Rather, a signed acknowledgment of an oral promise can qualify as a memorandum that satisfies the statute, even if the acknowledgment repudiates the oral promise. Restatement, supra, at 347, Section 133, Illustration 4. *N. Coast Cookies*, 16 Ohio App.3d at 349, 16 OBR 391, 476 N.E.2d 388.' *Landskroner* at paragraph 23." *Hunter I*, ¶ 28.

{¶30} To satisfy the statute of frauds, a writing may consist of one document or a series of related and integrated documents. *Internatl. Bhd. of Elec. Workers, Local Union No. 8 v. Gromnicki*, 139 Ohio App.3d 641, 645, 745 N.E.2d 449 (6th Dist.2000).

{¶31} Equitable considerations such as partial performance and/or the doctrine of promissory estoppel may remove a transaction from the statute of frauds. *Hunter I*, ¶ 31 citing *McCarthy, Lebit, Crystal & Haiman Co., L.P.A. v. First Union Mgt., Inc.* (1993), 87 Ohio App.3d 613, 622 N.E.2d 1093; *Weishaar v. Strimbu* (1991), 76 Ohio App.3d 276, 601 N.E.2d 587.

{¶32} It is also possible to consider parol evidence in weighing a statute of frauds issue. Under the parol evidence rule:

'absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.' * * * Despite its name, the parol evidence rule is not a rule of evidence, nor is it a rule of interpretation or construction. * * * 'The parol evidence rule is a rule of substantive law which, when applicable, defines the limits of a contract.'

*Galmish v. Cicchini,* 90 Ohio St.3d 22, 27, 734 N.E.2d 782 (2000) (citations omitted).

{¶33} Hunter argues the purchase contract, promissory note, and mortgage deed reviewed collectively suffice as a writing to satisfy the statute of frauds and the parties' alleged promise to re-convey the farm. He also argues that the transaction is outside of the statute of frauds as a constructive trust.

{¶34} This Court has previously addressed the factual scenario of an alleged oral promise to re-convey property in *Norman Warne v. Gertie Dickey*, 5th Dist. No. 02CA20, 2003-Ohio-3579. In that case, Norman Warne executed a deed and conveyed his property to Gertie Dickey. At the time of the conveyance, Warne was incarcerated. Following his release from prison in October of 1999, Warne requested the return of his property pursuant to an alleged oral promise between the parties. Dickey refused. *Id.* at ¶ 1.

{¶35} Warne filed a complaint against Dickey seeking equitable relief. Dickey filed a motion for summary judgment. Both parties presented contradictory evidence whether the parties had made an oral promise to re-convey the property. One piece of evidence was a March 19, 1998 writing signed by Dickey stating upon Warne's release from prison, Dickey would sell the property and give the proceeds to Warne. The other evidence was two witness affidavits stating Dickey promised to re-convey the property to Warne upon his release from prison.

{¶36} In analyzing the issue, we cited to *Marion Production Credit Assn. v. Cochran*, 40 Ohio St.3d 265m 533 N.E.2d 325 (1988), paragraphs three and four of the syllabus, which stated:

> 3. Whether the alleged misrepresentation is of a promise of future performance or of a then-present fact, it will not defeat the operation of the Statute of Frauds unless such fraudulent inducement is premised upon matters which are wholly extrinsic to the writing. The Statute of Frauds may not be overcome by a fraudulent inducement claim which alleges that the inducement to sign the writing was a promise, the terms

of which are directly contradicted by the signed writing. Accordingly, an oral agreement cannot be enforced in preference to a signed writing which pertains to exactly the same subject matter, yet has different terms.

4. When a party voluntarily places his signature upon a note or other writing within the Statute of Frauds, and where that party's sole defense to an action brought upon the writing is that a different set of terms was orally agreed to at that time, such defense shall not be countenanced at law regardless of the theory under which such facts are pled. In such event, the writing alone shall be the sole repository of the terms of the agreement.

*Warne*, ¶ 14-16 quoting *Marion Production Credit Assn., supra*.

{¶37} We determined that in order for Warne to prevail, he had to show there were genuine issues of material facts to qualify for equitable relief, such as promissory estoppel or a constructive trust, permitting an exception to the requirements of the statute of frauds. *Warne* at ¶ 24. Upon review of the only writings containing promises, the warranty deed which contained no statement as to the promise to re-convey and the March 19, 1998 agreement which permitted the sale of the property, we found no evidence promising what Warne prayed for – a rescission of the deed and the return of his property. *Id.* at ¶ 25.

{¶38} In this case, there is no dispute the only contractual writings in this case are the deed, purchase contract, and promissory note. These writings contain no record of the oral agreement between Hunter and Green to re-convey the farm to

Hunter. Examined alone, these writings do not satisfy the statute of frauds in order to make the promise to re-convey enforceable. As such, we examine the exceptions to the statute of frauds. Similar to the *Warne* case, we find the evidence presented at the bench trial as to an oral promise between Hunter and Green to re-convey the farm upon Hunter's demand does not remove the promise from the requirements of the statute of frauds.

{¶39} Hunter did not raise promissory estoppel as a separate cause of action. "Courts generally apply the promissory-estoppel exception to the statute of frauds defense 'only in narrow circumstances.'" *HAD Ents. v. Galloway*, 192 Ohio App.3d 133, 145, 948 N.E.2d 473 (4th Dist.2011) citing *Beaverpark Assoc. v. Larry Stein Realty Co.* 2nd Dist. No. 14950, 1995 WL 516469 (Aug. 30, 1995). "In addition to asserting the claim as a separate cause of action, in order for promissory estoppel to apply, 'there must be "either a misrepresentation that the statute of fraud's requirements have been complied with or a promise to make a memorandum of the agreement."'" *Id*.

{¶40} In order to remove the matter from the statute of frauds, Hunter states the evidence implies the transaction created a constructive trust. A constructive trust is an equitable remedy that arises by operation of law against one who, through any form of unconscionable conduct, holds legal title to property where equity and good conscience demand that he should not. *LeCrone v. LeCrone*, 10th Dist. No. 04AP–312, 2004–Ohio–6526, at ¶ 11, citing *Hill v. Hill*, 10th Dist. No. 01AP–716, 2002–Ohio–685. A constructive trust is an appropriate remedy against unjust enrichment, and, although usually invoked when property has been acquired by fraud, a

constructive trust may also be imposed where it is against the principles of equity that the property be retained by a person even though the property was acquired without fraud. *Ferguson v. Owens*, 9 Ohio St.3d 223, 226, 459 N.E.2d 1293 (1984), citing 53 Ohio Jurisprudence 2d (1962) 578–579, Trusts, Section 88, and V Scott on Trusts (3d Ed.1967), 3412, Section 462. Where a person holds title to property against equity and good conscience and will be unjustly enriched by retaining title, Ohio courts have not required, as a prerequisite for a constructive trust, that the holder obtained title by fraudulent or questionable means. *See Groza–Vance v. Vance*, 162 Ohio App.3d 510, 2005–Ohio–3815, 834 N.E.2d 15, ¶ 27 (10th Dist.).

{¶41} The party seeking to have a constructive trust imposed "bears the burden of producing clear and convincing evidence justifying it." *Estate of Cowling v. Estate of Cowling*, 109 Ohio St.3d 276, 2006–Ohio–2418, 847 N.E.2d 405, ¶ 20. The trial court determined Hunter failed to prove by clear and convincing evidence justification for the creation of a constructive trust. In *Hunter I*, we stated there was a genuine issue of material fact that Form DTE100, Statement of Reason for Exemption from Real Property Conveyance Fee, could evidence the existence of a trust or some type of fiduciary relationship between Green and Hunter. Testimony was taken on the Form DTE100 and it showed the form was signed by Hunter's attorney and not by Green.

{¶42} In this case, similar to *Warne*, there was insufficient evidence to remove the oral promise to re-convey property from the requirements of the statute of frauds. The trial court considered parol evidence and found it did not support Hunter's position. The testimony of the parties conflicted as to intent. Hunter argued it was his

intent that Green hold the farm until the threat of litigation had passed. Green argued Hunter wanted her to have the farm. In a bench trial, it remains that "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). The trial court considered the evidence and concluded the evidence showed Hunter failed to comply with the requirements of the statute of frauds when he transferred his property to Green in his efforts to shield his farm from attachment by his possible creditors. Based upon the authority of *Warne*, we find no error for the trial court to find that Hunter transferred his farm to Green and any oral agreement between Hunter and Green to re-convey the farm is not enforceable based on the statute of frauds.

{¶43} Hunter's sole Assignment of Error is overruled.

**CONCLUSION**

{¶44} The sole Assignment of Error of Plaintiff-Appellant William W. Hunter, Jr. is overruled.

{¶45} The judgment of the Coshocton County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Wise, J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

PAD:kgb

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| WILLIAM W. HUNTER, JR. | : | |
| Plaintiff - Appellant | : | JUDGMENT ENTRY |
| | : | |
| -vs- | : | |
| | : | Case No.   12-CA-2 |
| STACEE H. GREEN, et al. | : | |
| Defendants-Appellees | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Coshocton County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. JOHN W. WISE


_____
HON. JULIE A. EDWARDS