DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Chillicothe Municipal Court, Small Claims Division, judgment in favor of Angella Myers, plaintiff below and appellee herein, on her claim against Anita Good, defendant below and appellant herein.
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE COURT BELOW ERRED IN FINDING THE AGREEMENT BETWEEN APPELLANT AND APPELLEE LACKED A MEETING OF THE MINDS AND THAT NO CONTRACT EXISTED BETWEEN THE PARTIES[.]"
 SECOND ASSIGNMENT OF ERROR: *Page 2 
 "THE COURT ERRED IN ITS APPLICATION OF THE EQUITABLE PRINCIPLE OF UNJUST ENRICHMENT TO APPELLANT AND APPELLEE'S AGREEMENT[.]"
 {¶ 3} Appellee and her husband separated in 2004. In need of money, appellee approached appellant (a family friend) and agreed to exchange her wedding and engagement rings for $400. The parties, however, apparently had very different understandings of this transaction.
 {¶ 4} Appellee testified that she believed that she "pawned" the rings and that she could return the money and reclaim them. Appellant testified that she viewed the arrangement as a quasi-sale in which appellee could reclaim the rings in a couple of months but, after that point, she could keep them as her own. In any event, in December of 2004 appellee attempted to return appellant's money and reclaim the rings. Appellant, however, would not return the jewelry.
 {¶ 5} Appellee filed the instant action and requested $2,700 in compensatory damages. At the hearing each party explained their understanding of the agreement. Appellant also admitted that she had the rings appraised ($2,049).[2] Lisa Arledge, appellee's friend, related that she heard appellee's side of a telephone conversation with appellant and that appellee (1) used the word "pawn" to describe the exchange, and (2) informed appellant that she "was gonna come back after the rings."
 {¶ 6} At the conclusion of the hearing, the magistrate reasoned that each side had "different things in mind" and did not agree to the terms of the contract. The magistrate further opined that it would be inequitable to allow appellant to retain the rings when appellee received only $400. Later that day, the magistrate issued a *Page 3 
decision and recommended that appellee be awarded a $1,649 judgment. Appellant objected to the recommendation. The trial court adopted the magistrate's findings and concluded that the evidence sufficiently supports either a finding that "no meeting of the minds" occurred as to the terms of the arrangement or that the agreement was a bailment. In either case, the court concluded, appellee is entitled to damages for the difference between the amount that she received for the rings and their fair market value. As for the contention that the agreement was a quasi-sale, the trial court reasoned that "it makes no sense to any objective person" that a party would sell jewelry worth more than $2,000 for a fifth (1/5) of that value. Thus, the court awarded appellee a $1,649 judgment. This appeal followed.
 I {¶ 7} Appellant asserts in her first assignment of error that the trial court erred by concluding that the parties had no "meeting of the minds" and, hence, no valid and enforceable contract. She argues that their actions manifested an offer, acceptance and consideration. Thus, appellant concludes, a contract existed and her understanding of the terms of that contract should control. We disagree with appellant.
 {¶ 8} First, we do not dispute appellant's argument that some kind of offer, acceptance and consideration existed. However, for a contract to be enforceable, the parties must have a meeting of the minds as to all essential terms. Kostelnik v. Helper, 96 Ohio St.3d 1, 770 N.E.2d 58,2002-Ohio-2985, at]}16; Episcopal Retirement Homes, Inc. v. Ohio Dept.of Indus. Relations (1991), 61 Ohio St.3d 366, 369, 575 N.E.2d 134. When no agreement exists as to all essential terms, no contract exists. SeeColumbus, Hocking Valley Toledo Ry. Co. v. Gaffney (1901),65 Ohio St. 104, 61 N.E. 152, at paragraph one of the syllabus. Appellee believed the exchange was a "pawn" (or bailment). Appellant believed the exchange was a sale. Obviously, the parties did not *Page 4 
agree to the transaction's essential terms.
 {¶ 9} Second, if competent and credible evidence supports a trial court's factual findings, an appellant court should not reverse those findings. See Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7, 10,722 N.E.2d 1018; C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus. This standard of review is highly deferential and even "some" evidence is sufficient to support a judgment and to prevent a reversal. See Barkley v. Barkley (1997), 119 Ohio App .3d 155, 159, 694 N.E.2d 989; Willman v. Cole, Adams App. No. 01CA725, 2002-Ohio-3596,]}24. Moreover, the trier of fact must decide the weight of evidence and assess witness credibility. Cole v. CompleteAuto Transit, Inc. (1997), 119 Ohio App.3d 771, 777-778, 696 N.E.2d 289;Jacobs v. Jacobs, Scioto App. No. 02CA2846, 2003-Ohio-3466 at]}31. Here, the magistrate and, to a lesser extent, the trial court, found both parties credible, but because each had a different understanding of the transaction, no meeting of the minds occurred as to terms of the alleged contract.
 {¶ 10} After our review of the record, we believe that competent, credible evidence supports the trial court's findings and judgment. Accordingly, we hereby overrule appellant's first assignment of error.
 II {¶ 11} Appellant argues in her second assignment of error that the trial court's application of the equitable principle of unjust enrichment constitutes reversible error. We disagree.
 {¶ 12} When a contract fails for a lack of "meeting of the minds," equity should be imposed to prevent an unjust enrichment. Hailey v.MedCorp., Inc., Lucas App. No. L-05-1238, 2006-Ohio-4804, atffl|17-18;Enright v. CSR Enterprises (Nov. 23, 1984), *Page 5 
Wood App. No. WD-84-52. The proper remedy is quantum meruit, or the value of the benefit conferred on the other party. Hailey, supra at]}18;Caras v. Green Green (Jun. 28, 1996), Montgomery App. No. 14943. This is what the trial court did and we find no error in the manner that the court fashioned its remedy. Thus, we hereby overrule appellant's second assignment of error.
 {¶ 13} Having reviewed both errors assigned and argued, and finding merit in neither, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court, Small claims Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McFarland, P.J.: Concurs in Judgment Opinion
Kline, J.: Concurs in Judgment Only
[2] Appellant testified that the wedding ring is worth $499 and the engagement ring $1,550. *Page 1