[Cite as *Am. Tax Funding, L.L.C. v. Archon Realty Co.*, 2012-Ohio-5530.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

AMERICAN TAX FUNDING, LLC :

        :        Appellate Case No. 25096

      Plaintiff-Appellee     :

        :        Trial Court Case No. 08-CV-9938

v.                 :

        :

ARCHON REALTY COMPANY, et al.  :        (Civil Appeal from

        :         Common Pleas Court)

      Defendant-Appellants    :

        :

. . . . . . . . . . .

## O P I N I O N

Rendered on the 30th day of November, 2012.

. . . . . . . . . . .

DAVID S. ANTHONY, Atty. Reg. #0074431, Anthony & Zomoida, LLC, 1000 West Wallings Road, Suite A, Broadview Heights, Ohio 44147
      Attorney for Plaintiff-Appellee

RICHARD A. BOUCHER, Atty. Reg. #0033614, JULIA C. KOLBER, Atty. Reg. 0078855, and LAUREN E. GRANT, Atty. Reg. #0087315, Boucher & Boucher Co., LPA, 12 West Monument Avenue, Suite 200, Dayton, Ohio 45402
      Attorneys for Defendant-Appellants

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Archon Realty Company appeals from an order of the the

trial court forfeiting real property subject to a tax lien foreclosure decree to plaintiff-appellee

American Tax Funding, LLC, after two attempted sheriff's sales resulted in no bidders. Archon argues that the trial court abused its discretion by failing to order the four contiguous parcels comprising the property to be offered separately for sale. Archon also argues that the forfeiture is inequitable because the property is worth substantially more than the tax liens, and that the forfeiture results in an unjust enrichment to American Tax Funding.

{¶ 2}   We agree with American Tax Funding that Archon has forfeited an argument that the trial court should have exercised its discretion, under R.C. 2323.07, to order the parcels to be offered separately for sale, as a result of Archon's neither having requested that the parcels be offered separately for sale, nor having objected to the trial court's original order that they be sold together.

{¶ 3}   We also agree with American Tax Funding that the trial court did not err by ordering the forfeiture. By ordering the forfeiture, the trial court was complying with the mandate of R.C. 5721.40 that property be forfeited to the holder of a tax certificate when two attempted sheriff's sales result in no bidders. Also, the decree of foreclosure, from which no appeal was taken, provided that in the event of the failure to sell the property after two attempted sales, the property was to be forfeited to American Tax Funding, and no appeal was taken from the foreclosure decree. Also, no argument was made in the trial court that the forfeiture constituted unjust enrichment.

{¶ 4}   Accordingly, the judgment of the trial court is Affirmed.


## I.   The Course of Proceedings

{¶ 5}   Four contiguous parcels of real estate, owned by Archon, were subject to tax

delinquencies. American Tax Funding purchased a number of tax certificates corresponding to the tax liens on the property. It brought this action to foreclose on the property.

{¶ 6} In September, 2009, a judgment of foreclosure was rendered in various principal amounts, totaling $95,887.75, running from various dates, and with various rates of interest, together with fees and costs. The order directed that the Montgomery County Sheriff should sell the property, "without appraisal," "for not less than the amount due [American Tax Funding] * * * ." The order directed that if no bids were made "equal to at least the amount due [American Tax Funding]," the Sheriff should offer the property for sale at the second date specified in the advertisement of sale.

{¶ 7} Finally, the judgment of foreclosure provided "that, if the Certificate Parcels is [sic] not sold after being offered at two sales, [American Tax Funding] shall prepare and submit to the Court an Entry directing the Certificate Parcels be forfeited to [American Tax Funding] pursuant to R.C. 5721.40." No appeal was taken from the judgment of foreclosure.

{¶ 8} In late October 2009, pursuant to a praecipe filed by American Tax Funding, a writ of sale was filed in the trial court ordering the sale of:

> * * * the following described Estate, to-wit:
>
> **ALL PROPERTIES TO BE SOLD TOGETHER**
>
> 1255 KEOWEE, DAYTON, OHIO 45404
>
> 1301 KEOWEE, DAYTON, OHIO 45404
>
> 1235 KEOWEE, DAYTON, OHIO 45404
>
> 501 E. HELENA, DAYTON, OHIO 45404
>
> **SEE ATTACHED LEGAL DESCRIPTION**

(Bolding in original.)

**{¶ 9}** Archon did not object to the writ of sale.

**{¶ 10}** The Sheriff offered the property for sale on January 7, 2010, and there were no bids. Pursuant to the notice of sale, the Sheriff offered the property for sale again on February 4, 2010. Again, there were no bidders.

**{¶ 11}** American Tax Funding moved for the forfeiture of the property to it. Archon opposed the motion, contending that it had not been served with notice of the time and place of sale. Archon also contended that "the fair market value of the certificate parcels far exceeds the value of the Tax Certificates and would result in a manifestly unjust and inequitable forfeiture." Archon did *not* argue that the parcels should be separately offered for sale. In response, American Tax Funding withdrew its motion for forfeiture, and put on a new praecipe for sale.

**{¶ 12}** A new writ of sale was issued.

**{¶ 13}** At some point, American Tax Funding became aware that the trial court had already put on an order transferring the property to ATFH Real Property, LLC, which had been recorded, and was therefore preventing the sale of the property. American Tax Funding moved the trial court to vacate the transfer of the properties, and the trial court granted the motion and ordered the transfer vacated.

**{¶ 14}** Once again, the Sheriff offered the property for sale on May 5, 2011, and there were no bidders. Pursuant to the new advertisement of sale, the property was again offered for sale on June 2, 2011, and again there were no bidders.

**{¶ 15}** Following these unsuccessful attempts to sell the property, American Tax Funding again moved for an order forfeiting the property. Archon again opposed the motion,

arguing, for the first time, that the trial court should have exercised its discretion under R.C. 2323.07 to order the property subdivided into parcels to be separately offered for sale. Archon again argued that the forfeiture would "result in a manifestly unjust and inequitable forfeiture," because the "fair market value of the certificate parcels far exceeds the value of the Tax Certificates[.]"

{¶ 16}  In its reply memorandum, American Tax Funding pointed out to the trial court that Archon, in opposing American Tax Funding's first motion for forfeiture, did not argue that the trial court should have ordered, or should in the future order, that the property be subdivided into parcels and offered separately for sale.

{¶ 17}  On February 24, 2012, the trial court granted American Tax Funding's motion for forfeiture of the property, and ordered the property transferred to ATFH Real Property, LLC, to whom American Tax Funding had, after the filing of the complaint, assigned its interest in the property.   From the order of forfeiture, Archon appeals.

**II.   Archon, Having Both Failed to Object to the Earlier Two Attempts to Sell the Property as One Parcel, and Having Failed to Request that the Property be Subdivided into Parcels to be Offered Separately for Sale, Has Forfeited any Argument that the Trial Court Abused its Discretion by Failing to Order the Property to be Subdivided into Parcels to be Offered Separately for Sale**

{¶ 18}  Archon's First Assignment of Error is as follows:

THE TRIAL COURT ERRED IN SUSTAINING APPELLEE'S MOTION FOR FORFEITURE BECAUSE A SALE OF THE REAL ESTATE AS SEPARATE

PARCELS WAS NEVER ATTEMPTED.

{¶ 19} Archon relies upon R.C. 2323,07, which provides, in pertinent part, as follows:

> When a mortgage is foreclosed or a specific lien enforced, a sale of the property, or a transfer of property pursuant to sections 323.28, 323.65 to 323.78, and 5721.19 of the Revised Code, shall be ordered by the court having jurisdiction or the county board of revision with jurisdiction pursuant to section 323.66 of the Revised Code.
>
> When the real property to be sold is in one or more tracts, the court may order the officer who makes the sale to subdivide, appraise, and sell them in parcels, or sell any one of the tracts as a whole.

{¶ 20} Archon acknowledges that it never requested that the trial court exercise its discretion, under this statute, to order the property sold in separate parcels, but contends that the trial court nevertheless abused its discretion by failing to do so, "to prevent an injustice to [Archon] or the host of other creditors affected by forfeiture." Archon argues that the sale of one of the parcels "could have generated enough money to pay off the total tax delinquency owed on all four parcels of real estate," and that "[p]lacing all of the properties in one bundle inherently creates a burden on potential buyers to manage three more properties than necessary for their own business needs[.]"

{¶ 21} For its part, American Tax Funding, besides arguing that it was incumbent upon Archon to have requested the trial court to exercise its discretion to subdivide the property for sale, argues in its brief that "[t]he parcels collectively make up a single

commercially developed area," and that "[t]hese parcels cannot stand alone and be sold as separate and distinct parcels."

{¶ 22}   We agree with American Tax Funding that the trial court, in the absence of any request to do so, did not abuse its discretion when it failed to subdivide the property to be sold.   Archon would place upon the trial court the burden of recognizing that the sale of the property as four separate parcels was commercially feasible, a fact American Tax Funding disputes, and that the sale of just one of the parcels would likely satisfy the tax liens upon all four.   In our view, this places too great a burden upon the trial court.   Surely Archon, the owner of the property, was in a better position than the trial court to have made these determinations, and having made them, to have recommended the subdivision to the trial court.   Presumably, American Tax Funding would have disputed the commercial practicality of the subdivision, and the trial court, in an adversary proceeding, could have determined that issue.

{¶ 23}   Finally, Archon argues that it did request separate sales of the four parcels, in its memorandum in opposition to the second motion for forfeiture.[1]   As American Tax Funding points out, however, by this time the Sheriff had already offered the property for sale twice (actually four times, counting the aborted first two offers for sale), with no bidders, triggering the mandatory forfeiture proceedings under R.C. 5721.40.   At that point, the trial court no longer had discretion.   See Part III, below.

{¶ 24}   Archon's First Assignment of Error is overruled.

---

[1] Archon did *not* request separate sales of the four parcels in its memorandum in opposition to American Tax Funding's first motion for forfeiture, which American Tax Funding subsequently withdrew.

### III.   Regardless of Any Resulting Inequity, the Trial Court Did Not Err

### by Following the Mandate of R.C. 5721.40 and its Own, Final Judgment of Foreclosure,

### and Ordering the Forfeiture of the Property Following

### Two Attempts to Sell the Property without any Bidders

{¶ 25}   Archon's Second Assignment of Error is as follows:

THE TRIAL COURT ERRED IN SUSTAINING APPELLEE'S MOTION FOR FORFEITURE BECAUSE THE VALUE OF THE REAL ESTATE IS SEVEN TIMES THE AMOUNT OWED ON THE TAX DELINQUENCY AND A FORFEITURE OF THE REAL ESTATE WOULD BE INEQUITABLE AND RESULT IN UNJUST ENRICHMENT TO APPELLEE

{¶ 26}   R.C. 5721.40 provides, in pertinent part, as follows:

If any tax certificate parcel is twice offered for sale pursuant to section 5721.39 of the Revised Code and remains unsold for want of bidders, the officer who conducted the sales shall certify to the court or board of revision that the parcel remains unsold after two sales. *The court* or board of revision, by entry, *shall order the parcel forfeited to the certificate holder* who filed the request for foreclosure or notice of intent to foreclose under section 5721.37 of the Revised Code. The clerk of the court shall certify copies of the court's order to the county treasurer. The county treasurer shall notify the certificate holder by ordinary and certified mail, return receipt requested, that the parcel remains unsold, and shall instruct the certificate holder of the manner in which the holder shall obtain the deed to the parcel. The officer who

conducted the sales shall prepare and record the deed conveying title to the parcel to the certificate holder.

* * *

Upon transfer of the deed to the certificate holder under this section, all right, title, claim, and interest in the certificate parcel are transferred to and vested in the certificate holder. The title to the parcel is incontestable in the certificate holder and is free and clear of all liens and encumbrances, except the following:

(A) A federal tax lien, notice of which was properly filed in accordance with section 317.09 of the Revised Code prior to the date that the foreclosure proceeding was instituted under section 5721.37 of the Revised Code and which was foreclosed in accordance with 28 U.S.C. 2410(c);

(B) Easements and covenants of record running with the land that were created prior to the time the taxes or assessments, for the nonpayment of which a tax certificate was issued, became due and payable.

(Italics added.)

**{¶ 27}** As can be seen from the portion of the statute italicized above, the trial court is mandated by the statute to order the property forfeited to the holder of the tax certificate when the sale of the property fails twice for lack of bidders. The trial court has no discretion in the matter.

**{¶ 28}** Archon argues that the forfeiture of the property under the statute is inequitable and constitutes unjust enrichment.

**{¶ 29}** We are aware of no authority for the proposition that a trial court may ignore a

statutory mandate on the ground that it would produce an inequitable result, and Archon has cited no authority for that proposition. If the forfeiture mandate of R.C. 5721.40 produces inequitable results, this is something to bring to the attention of the Ohio General Assembly, which has authority to amend the statute.

{¶ 30} Furthermore, besides following the statutory mandate, the trial court was also following the final judgment of foreclosure that it had already rendered in this case. That judgment, in its concluding paragraph, expressly provided that upon a second failure of the property to sell, American Tax Funding "shall prepare and submit to the Court an Entry directing the Certificate Parcels be forfeited to [American Tax Funding] pursuant to R.C. 5721.40." Archon did not appeal from this judgment. Therefore, it cannot now complain that the property should not have been forfeited.

{¶ 31} Finally, Archon argues that the forfeiture of the property works an unjust enrichment. Besides suffering from the same infirmities noted above for the argument of inequitability, this argument was not made in the trial court, and has therefore been forfeited on appeal.

{¶ 32} In *HAD Ents. v. Galloway*, 192 Ohio App.3d 133, 2011-Ohio-57, 948 N.E.2d 473, ¶ 16 (4th Dist.), a case cited by Archon, the court held that there was no cause of action for unjust enrichment, because there was no contractual relationship, either express or implied, between the parties. In the case before us, there was no contractual relationship, express or implied, between American Tax Funding and Archon.

{¶ 33} In *Gaier v. Midwestern Group*, 76 Ohio App.3d 334, 338-339, 601 N.E.2d 624 (2d Dist. 1991), another case cited by Archon, we recognized that a cause of action for

unjust enrichment might lie even in the absence of a contractual relationship between the parties if the actions of the party claiming unjust enrichment produced both a detriment to that party and a benefit to the other party, "under circumstances in which it would be inequitable to permit the person benefited [sic] to retain the full value thereof without some compensation to the person producing the benefit." We held that the substantial detriment to the party claiming unjust enrichment had to be "causally connected to a substantial benefit to the [the other party]." *Id.*

{¶ 34} In the case before us, Archon claims that the substantial detriment to it consisted of its purchase and subsequent improvement of the properties, which benefitted American Tax Funding. Even if Archon's purchase and subsequent improvement of the properties could be seen as a "substantial detriment" to it, we see no causal connection between those actions and the alleged subsequent benefit to American Tax Funding of receiving, through forfeiture, property of a value substantially in excess of the amount of the tax liens it purchased. When Archon purchased the property, and subsequently placed improvements upon the property, it was not benefitting American Tax Funding, which at that time had no relationship to the property. It was only through the independent intervening acts of: (1) the failure to pay taxes, resulting in tax liens on the property; (2) American Tax Funding's purchase of the tax certificates; and (3) the failure of the property to attract any bidders at two sheriff's sales, that a benefit to American Tax Funding was arguably created. These independent intervening acts destroyed any proximate causal relationship between the alleged detriment to Archon and the alleged benefit to American Tax Funding.

{¶ 35} Archon's Second Assignment of Error is overruled.

## IV.   Conclusion

{¶ 36}   Both of Archon's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

David S. Anthony
Richard A. Boucher
Julia C. Kolber
Lauren E. Grant
Hon. Gregory F. Singer