OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the decision of the Warren County Court of Common Pleas, granting driving privileges to defendant-appellee, Phillip Lovely, following his conviction for marijuana trafficking and his subsequent driver's license suspension.[1] We reverse the common pleas court's decision.
 {¶ 2} In March 2003, appellee pled guilty to one count of marijuana trafficking in violation of R.C. 2925.03(A)(1), a fifth-degree felony. The common pleas court sentenced appellee to two years of community control, ten days in jail, and a $250 fine. The court also suspended appellee's driver's license for six months, ordered him to pay $140 in restitution, and ordered him to participate in a drug treatment program. Though it suspended appellee's driver's license, the court granted appellee certain driving privileges. Pursuant to its entry, the court permitted appellee to drive to and from his classes at Miami University-Middletown.
 {¶ 3} The state now appeals the common pleas court's decision granting driving privileges.[2] In its sole assignment of error, the state argues that the court did not have the statutory authority to grant driving privileges to appellee.
 {¶ 4} We find the state's argument to be well-taken and reverse the common pleas court's decision granting driving privileges. We find persuasive the reasoning in State v. Sanner
(Nov. 22, 1996), Montgomery App. Nos. 15142, 15143, 15206, 15216, 15275. R.C. 4507.16(F) sets forth when the trial court may grant driving privileges during a driver's license suspension period. The statute provides the trial court with the authority to grant driving privileges to drivers who have had their licenses suspended pursuant to R.C. 4507.16(B), R.C. 4507.16(C), or R.C.4511.191(F). However, there is no provision in R.C. 4507.16(F) giving a trial court the authority to grant driving privileges to drivers such as appellee who have had their licenses suspended pursuant to R.C. 4507.16(D) following a drug offense conviction.
 {¶ 5} It is apparent that the legislature has not provided trial courts with the authority to grant driving privileges to drivers who have had their licenses suspended pursuant to R.C.4507.16(D). See Sanner, supra; State v. Garrison (Dec. 31, 1996), Hamilton App. No. C-960434. We cannot read such authority into the statute. Accordingly, the state's sole assignment of error is sustained.[3]
 {¶ 6} Judgment reversed.
Valen, P.J., and Walsh, J., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.
[2] The court's entry granting appellee driving privileges was journalized on August 25, 2003. Though appellant had already filed its notice of appeal on June 4, 2003, its appeal of the August entry was nevertheless valid. Pursuant to App.R. 4(C), appellant could file a "premature notice of appeal" after the court had announced from the bench its decision granting driving privileges, but before it issued an entry granting the same.
[3] We recognize that appellee's driver's license is no longer suspended and the issue of appellee's driving privileges is moot. Nevertheless, we have addressed the issue presented in this case because many driver's license suspensions would be completed prior to the date an appeal could be attempted, and, therefore, the issue would evade review. See Hughes v. Ohio Bur. of MotorVehicles, 79 Ohio St.3d 305, 307, 1997-Ohio-387. "Although a case may be moot, a court may hear the appeal where the issues raised are `capable of repetition, yet evading review.'" Id., citing State ex rel. Plain Dealer Publishing Co. v. Barnes
(1988), 38 Ohio St.3d 165, paragraph one of the syllabus.