[Cite as *D'Amore v. Matthews*, 2011-Ohio-2038.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95632**

## REGINA D'AMORE

PLAINTIFF-APPELLANT

vs.

## RONALD E. MATTHEWS, TRUSTEE, ETC.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-644219

**BEFORE:** Cooney, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** April 28, 2011
**ATTORNEY FOR APPELLANT**

John A. Huettner
610 Skylight Office Tower
1660 West Second Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEES**

Timothy S. Rankin
Benjamin W. Ogg
Onda, Labuhn, Rankin & Boggs Co., LPA
266 North Fourth Street
Suite 100
Columbus, Ohio 43215-2511


COLLEEN CONWAY COONEY, J.:

**{¶ 1}** Plaintiff-appellant, Regina D'Amore ("D'Amore"), appeals the trial court's grant of summary judgment in favor of defendants-appellees, Ronald E. Matthews ("Matthews"), Trustee of the J. Harvey Crow Trust ("the Trust"), and Matthews, individually, as successor in interest to the Trust property (collectively referred to "appellees"). We find no merit to the appeal and affirm.

**{¶ 2}** D'Amore brought this action seeking to recover compensation she claims J. Harvey Crow ("Crow") owed her pursuant to a contract. In the amended complaint, D'Amore alleges that in 1995 she and Crow executed a handwritten agreement (the "1995 agreement") in which Crow promised to

compensate her for services she would perform in connection with the development of various properties. The 1995 agreement provided that D'Amore would be compensated as follows: (1) $300,000 in property, cash, or services for the years between 1995 and 1998; (2) a vested interest in the profits derived from the operation, which shall not be less than 15%; and (3) reimbursement for out-of-pocket expenses.[1]

{¶ 3} In 1998, Crow organized Parkwood Ltd. ("Parkwood"), an Ohio limited liability company, with John MacDonald ("MacDonald") to develop property. Crow transferred approximately 90 acres of land he owned in Brecksville, Ohio, to Parkwood. In 1999, Crow executed an operating agreement relating to the formation, operation, and control of Parkwood. He never granted an equity interest in Parkwood to D'Amore.

{¶ 4} In December 2003, Crow, as grantor/settlor, and his grandson Matthews, as trustee, executed a trust agreement for the J. Harvey Crow Trust. Crow transferred various assets to the Trust including his interest in Parkwood. Upon the transfer, the Trust became the majority owner of Parkwood.

---

[1] In an affidavit submitted in support of summary judgment, Matthews states that Crow never developed any of the property described in this agreement. Thus, Matthews concludes that neither party to the 1995 agreement performed under the contract.

{¶ 5} On August 18, 2004, Crow passed away at the age of 101. On September 14, 2004, the Madison County Probate Court appointed Matthews the executor of Crow's estate.

{¶ 6} On December 11, 2007, D'Amore filed the instant case alleging breach of contract and promissory estoppel, which she later amended to include a fraudulent transfer claim.[2] She did not name the Estate of J. Harvey Crow or Matthews in his capacity as executor of the estate. She alleged that Crow fraudulently transferred his assets to the Crow Trust to avoid paying her the compensation he owed her under the 1995 agreement.

{¶ 7} Matthews filed a motion for summary judgment claiming that: (1) D'Amore should have sued Crow's estate rather than the Trust, (2) her claims are barred by the applicable statute of limitations, and (3) her claims are barred by res judicata. Matthews argued that D'Amore's claims were barred by res judicata because, as the fourth lawsuit related to Crow's development projects, the issues in this case have already been litigated or should have been litigated in one of the earlier lawsuits.[3] The trial court agreed and

---

[2]This court reversed the trial court in a prior appeal and remanded the case to allow the filing of an amended complaint. *D'Amore v. Matthews*, Cuyahoga App. No. 91420, 2009-Ohio-131.

[3]D'Amore moved for leave to file a second amended complaint on March 15, 2010, a month after the deadline the court set for filing dispositive motions.

granted summary judgment in favor of Matthews. D'Amore now appeals, raising three assignments of error.

{¶ 8} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201, citing *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.

{¶ 9} As a preliminary matter, Matthews notes that D'Amore's claims arise out of Crow's alleged breach of the 1995 agreement and that, as Crow's creditor, her claims should have been brought against Crow's estate pursuant to R.C. 2117.06 and not against Matthews or the J. Harvey Crow Trust. This court has previously held that a claim for money damages arising out of an alleged breach of contract "comes within the purview of R.C. 2117.06." *Willis v. McDermott* (June 30, 1988), Cuyahoga App. No. 53820. R.C. 2117.06(A)(1)(a) provides that "[a]ll creditors having claims against an estate, including claims arising out of contract, [or] out of tort * * * whether due or

not, secured or unsecured, liquidated or unliquidated, shall present their claims * * * [t]o executor or administrator in writing." If the claim is denied, then claims may be brought by filing a complaint in accordance with R.C. 2117.06.

{¶ 10} Further, non-probate assets, such as a trust, are not part of the decedent's estate and thus are not liable for the estate's indebtedness. *In re Chadwick* (1958), 167 Ohio St.3d 373, 149 N.E.2d 5, paragraph three of the syllabus. Therefore, because D'Amore's complaint fails to state a claim against the named appellees upon which relief might be granted, we find no error in the summary judgment granted in favor of the Trust and Matthews.

{¶ 11} In her second assignment of error, D'Amore argues the trial court erred in granting summary judgment in favor of appellees because "none of the defendant's [sic] arguments for dismissal were meritorious." Appellees argued, inter alia, that D'Amore's claims are barred by the applicable statutes of limitations.

{¶ 12} R.C. 2117.06(B) provides that tort and breach of contract claims against an estate must be brought within six months. D'Amore's claims consisted of breach of contract, promissory estoppel (a quasi-contract), and fraudulent transfer (tort). R.C. 5806.04 provides a two-year statute of limitations to challenge the validity of a transfer to a trust. Crow passed

away on August 18, 2004. On September 14, 2004, the Madison County Probate Court appointed Matthews as executor of Crow's estate. D'Amore was aware of Crow's death and of Matthews's appointment as executor because she caused her attorney to file a Statutory Agent Update with the Ohio Secretary of State naming her attorney the new statutory agent for Parkwood in Crow's stead five days after Crow's death. Because D'Amore did not file her complaint in this case until December 11, 2007, over three years after Crow's death, her claims are barred by both R.C. 2117.06(B) and 5806.04, the applicable statutes of limitations.

{¶ 13} Accordingly, we find D'Amore's first and third assignments of error relating to res judicata and the denial of D'Amore's motion for leave to file another amended complaint to be moot.

Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR