**D'AMORE, Appellant,**

v.

**MATHEWS, Exr., Appellee.**

[Cite as *D'Amore v. Mathews*, 193 Ohio App.3d 575, 2011-Ohio-2853.]

Court of Appeals of Ohio,
Twelfth District, Madison County.

No. CA2010–12–030.

Decided June 13, 2011.

James R. Douglass and John A. Huettner, for appellant.

Timothy S. Rankin and Benjamin W. Ogg, for appellee.

HENDRICKSON, Judge.

{¶ 1} Plaintiff-appellant, Regina D'Amore, appeals the decision of the Madison County Court of Common Pleas, Probate Division, dismissing her breach-of-contract and promissory-estoppel claims against defendant-appellee, Ronald E. Matthews.

{¶ 2} On August 18, 2010, D'Amore initiated an action seeking to recover compensation that she claimed decedent, J. Harvey Crow, owed her pursuant to a written contract. D'Amore's initial complaint named Matthews, in his capacity as executor of Crow's estate, as the sole defendant. Subsequently, on October 6, 2010, D'Amore filed an amended complaint in which she named the "Estate of J. Harvey Crow" as an additional defendant.

{¶ 3} D'Amore's claims originate from the following facts, which were disclosed in the complaint. On September 15, 1995, D'Amore and Crow signed a written contract ("the 1995 agreement"), in which Crow promised to compensate D'Amore for services she would perform in connection with the development of various properties controlled by Crow. The 1995 agreement provided that D'Amore would be compensated as follows: (1) $300,000 in property, cash, or services for the years between 1995 and 1998, (2) a vested interest in the profits derived from the operation, which could not be less than 15 percent, and (3) reimbursement for out-of-pocket expenses.

{¶ 4} In 1998, Crow organized Parkwood Ltd. ("Parkwood"), an Ohio limited-liability company, for the purpose of developing the aforementioned properties. Subsequently, Crow transferred title to several of these properties to Parkwood. However, Crow did not at any time grant D'Amore an equity interest in Parkwood.

{¶ 5} In December 2003, Crow, as grantor/settlor, and Matthews, as trustee, executed a trust agreement for the "J. Harvey Crow Trust." Crow transferred various assets to the trust, including his interest in Parkwood, at which time the trust became the majority owner of the company.

{¶ 6} On August 18, 2004, Crow passed away at the age of 101. On September 14, 2004, the trial court appointed Matthews the executor of Crow's estate.

{¶ 7} On October 6, 2010, D'Amore filed her amended complaint, alleging breach of contract and promissory estoppel. D'Amore sought relief against Matthews and Crow's estate "in order to recover non-estate assets, or estate assets should fraudulently transferred assets be ordered to revert to the Estate."

{¶ 8} On September 22, 2010, Matthews moved to dismiss D'Amore's complaint on the grounds that D'Amore's claims were time barred by R.C. 2117.06, which requires that all claims against an estate be presented within six months after the death of the decedent.

{¶ 9} On October 29, 2010, the trial court granted Matthews's motion to dismiss based upon a finding that D'Amore's claims were time barred by R.C. 2117.06(B) and (C).

{¶ 10} D'Amore timely appeals, raising four assignments of error. For ease of discussion, we will address the assignments of error out of order.

{¶ 11} Assignment of Error No. 4:

{¶ 12} "The trial court erred in dismissing appellant's contract and promissory estoppel claims on statute of limitations grounds where 2117.06(G) clearly excludes these claims from the general six month limitations period under R.C. 2117.06[.]"

{¶ 13} In her fourth assignment of error, D'Amore argues that her breach-of-contract and promissory-estoppel claims are not governed by R.C. 2117.06, but are instead governed by the limitation periods in R.C. Chapter 2305. Specifically, D'Amore argues that contract claims need not be brought within the time limitations of R.C. 2117.06, provided that the plaintiff "ultimately seeks to recover assets *not* made part of the debtor's estate."[1] (Emphasis added.)

{¶ 14} Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. See, e.g., *Marchetti v. Blankenburg*, Butler App. No. CA2010–09–232, 2011-Ohio-2212, 2011 WL 1782115, ¶ 9. In order to prevail on a Civ.R. 12(B)(6) motion, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling relief." Id. Our review of a dismissal under Civ.R. 12(B)(6) is de novo. Id.

{¶ 15} First, while D'Amore fails to specify the subsection allegedly governing her promissory-estoppel claim, our review of her responsive pleadings reveals she relied on R.C. 2305.07. Cf. *Cully v. St. Augustine Manor* (Apr. 20, 1995), Cuyahoga App. No. 67601, 1995 WL 237129, at *5 (appellant's breach-of-implied-contract claim arising from oral employment-at-will agreement was subject to time limitations of R.C. 2305.07). R.C. 2305.07 states:

{¶ 16} "Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

{¶ 17} Secondly, D'Amore argues that R.C. 2305.06 governs her breach-of-contract claim, thus the appropriate statute of limitations is 15 years. R.C. 2305.06 states:

{¶ 18} "Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued."

{¶ 19} We hold that D'Amore's reliance on these statutes is misplaced. As Matthews correctly states, D'Amore's claims arise out of a contract formed

---

1. "Promissory estoppel is a quasi-contractual or equitable doctrine." *HAD Ents. v. Galloway,* 192 Ohio App.3d 133, 2011-Ohio-57, 948 N.E.2d 473, syllabus; *D'Amore v. Matthews,* Cuyahoga App. No. 95632, 2011-Ohio-2038, 2011 WL 1639263, ¶ 12.

between her and Crow in 1995. Thus, the cornerstone, and relevant consideration, of D'Amore's cause of action is simply a claim for money due based upon a contract formed with a person now deceased. Following Crow's death, his contractual obligations became a debt of the estate. See *In re Estate of Cooke,* Ashland App. No. 10–COA–024, 2011-Ohio-1637, 2011 WL 1233222, ¶ 15 ("Obligations incurred by a deceased during [his] lifetime become debts of [his] estate by operation of law." *Osborne v. Osborne* (1996), 114 Ohio App.3d 412, 414, 683 N.E.2d 365. Both kinds of debts must be presented in claims to the deceased's personal representative); *Willis v. McDermott* (June 30, 1988), Cuyahoga App. No. 53820, 1988 WL 87625, at *1.

{¶ 20} Accordingly, unless D'Amore timely asserted and proved her claims against Crow's estate, it is irrelevant what underlying assets D'Amore seeks to recover. In other words, D'Amore could not pursue *any* assets without first obtaining a judgment rendering Crow's estate liable for the breach. Because D'Amore's claims accrued against Crow's estate, we find that they fall within the purview of R.C. 2117.06(B), which states:

{¶ 21} "Except as provided in section 2117.061 of the Revised Code, all claims shall be presented within *six months* after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period. Every claim presented shall set forth the claimant's address." (Emphasis added.)

{¶ 22} Because D'Amore did not file her complaint until August 18, 2010 (and subsequently October 6, 2010), over six years after Crow's death, D'Amore was barred from commencing action on her claims pursuant to R.C. 2117.06(B) and (C).[2] See *Matthews,* 2011-Ohio-2038, 2011 WL 1639263, at ¶ 9–12.[3]

{¶ 23} Based upon the foregoing, the trial court properly dismissed D'Amore's complaint.

{¶ 24} D'Amore's fourth assignment of error is overruled.

---

2. R.C. 2117.06(C) states: "Except as provided in section 2117.061 of the Revised Code, a claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees. No payment shall be made on the claim and no action shall be maintained on the claim, except as otherwise provided in sections 2117.37 to 2117.42 of the Revised Code with reference to contingent claims."

3. We note that alternate grounds existed for dismissing the promissory-estoppel claim, where D'Amore derived her expectation of compensation from the "definite and certain" terms of the 1995 agreement. Absent evidence that D'Amore relied on promises separate and apart from the 1995 agreement, she clearly failed to state a claim upon which equitable relief could be granted. Civ.R. 12(B)(6); *Gus Hoffman Family Ltd. Partnership v. David,* Clermont App. No. CA2006–09–076, 2007-Ohio-3968, 2007 WL 2229569, ¶ 5–7.

{¶ 25} Assignment of Error No. 1:

{¶ 26} "The trial court erred in dismissing appellant's amended complaint without permitting appellant to file a brief in opposition within the time allotted by law."

{¶ 27} Assignment of Error No. 2:

{¶ 28} "The trial court erred in dismissing appellant's contract and promissory estoppel claims against Matthews as executor and the Crow estate claiming Matthews has been discharged as executor[.]"

{¶ 29} Assignment of Error No. 3:

{¶ 30} "The trial court erred in finding that "real estate" was the subject of this complaint[.]"

{¶ 31} Of the remaining assignments of error, assignments one and three are so intertwined with our resolution of the fourth assignment of error that they are rendered moot. Although the second assignment of error is also rendered moot, we will nevertheless address it because it involves a matter that is capable of repetition, yet will continue to evade review. See, e.g., *State v. Lovely,* Butler App. No. CA2003–06–063, 2004-Ohio-701, 2004 WL 292099, fn. 3.

■ {¶ 32} In her second assignment of error, D'Amore argues that the trial court erred in sua sponte deciding that personal jurisdiction was lacking in this case. Specifically, D'Amore argues that Matthews waived personal jurisdiction by his voluntary appearance and failure to raise the defense in his pleadings.

{¶ 33} As an initial matter, we note that at no time did Matthews object on the grounds that the trial court lacked personal jurisdiction over him. In such a case, we agree with D'Amore to the extent she argues that Matthews waived the defense of lack of personal jurisdiction. See Civ.R. 12(H)(1). See also *U.S. Bank Natl. Assn. v. Golf Course Mgt., Inc.,* Clermont App. No. CA2008–08–078, 2009-Ohio-2807, 2009 WL 1655395, ¶ 48, quoting *Gliozzo v. Univ. Urologists of Cleveland, Inc.,* 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 13 ("In civil cases, the defense of lack of personal jurisdiction usually must be raised either in the defendant's answer or in a pre-answer motion. * * * The failure to timely raise this defense constitutes a waiver thereof").

{¶ 34} We further agree with D'Amore's argument that once the lack of personal jurisdiction was waived, the trial court could not sua sponte address the issue of personal jurisdiction in its judgment entry. See, e.g., *Snyder Computer Sys., Inc. v. Stives,* 175 Ohio App.3d 653, 2008-Ohio-1192, 888 N.E.2d 1117, ¶ 17 (once defendant waived the defense of lack of personal jurisdiction, it was

"procedurally incorrect for the trial court to raise it on its own motion"); *Weiss, Inc. v. Pascal,* Cuyahoga App. No. 82565, 2003-Ohio-5824, 2003 WL 22456728, ¶ 7.

Judgment affirmed.

POWELL, P.J., and RINGLAND, J., concur.