[Cite as *Brislin v. Albert*, 2014-Ohio-3406.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| RALPH BRISLIN | | C.A. No. 27052 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| VICTOR ALBERT | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. CV 2013-03-1654 |

DECISION AND JOURNAL ENTRY

Dated: August 6, 2014

HENSAL, Presiding Judge.

**{¶1}** Appellant, Ralph Brislin, appeals from the judgment of the Summit County Court of Common Pleas. This Court reverses.

I.

**{¶2}** Mr. Brislin sued Appellee, Victor Albert, in the Summit County Court of Common Pleas for breach of an oral contract and contribution. He alleged that, in 2003, he and Mr. Albert each executed a personal guaranty in connection with a loan obtained by a Michigan corporation that was incorporated by both parties. According to Mr. Brislin, in December of 2008, he and Mr. Albert entered into an oral agreement in Summit County that each would pay one-half of the payment due each month. In September of 2009, Mr. Albert stopped paying his share of the monthly payment. In 2010, the corporation defaulted on the loan and the lender demanded payment in full from both Mr. Brislin and Mr. Albert pursuant to the terms of their

guaranties.  Mr. Brislin alleged that he has paid more than his proportional share of the outstanding balance due on the loan since the 2010 default.

{¶3}    Mr. Albert filed a motion to dismiss wherein he argued that venue was improper in Summit County.  The trial court granted the motion on the basis that it did not have personal jurisdiction over Mr. Albert.  It further found that Summit County was not the proper venue for the lawsuit.  Mr. Brislin appeals and raises two assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DISMISSING APPELLANT BRISLIN'S COMPLAINT AGAINST APPELLEE ALBERT FOR LACK OF PERSONAL JURISDICTION.

{¶4}    In his first assignment of error, Mr. Brislin argues that the trial court erred when it concluded that it did not have personal jurisdiction over Mr. Albert.  This Court agrees.

{¶5}    "Personal jurisdiction is a question of law that appellate courts review de novo." *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, ¶ 11.  A court acquires personal jurisdiction over a defendant either by "service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court."  *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984).  "The latter may more accurately be referred to as a waiver of certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure."  *Id*.

{¶6}    A challenge to the court's personal jurisdiction over a defendant must generally be raised either in his answer or by a motion filed before his answer.  *State ex rel. DeWine v.*

*9150 Group, L.P.*, 9th Dist. Summit No. 25939, 2012-Ohio-3339, ¶ 6; Civ.R. 12(B)(2).  Civil

Rule 12(G) provides that

> [a] party who makes a motion under this rule must join with it the other motions herein provided for and then available to him.  If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter assert by motion or responsive pleading, any of the defenses or objections so omitted, except as provided in subdivision (H) of this rule.

The defense of lack of personal jurisdiction is waived if it was omitted from either a Rule 12(G)

motion or a responsive pleading.  Civ.R. 12(H)(1).

{¶7}     Mr. Albert's motion to dismiss was premised on his argument that Summit

County was not the proper venue for the lawsuit since he resided in Michigan and all or part of

the claim did not arise in the county.  He failed to raise any defense based on a lack of personal

jurisdiction in his motion.  Mr. Albert used language found in Civil Rule 3(B), which concerns

venue, in his motion to dismiss.  In his opposition to Mr. Albert's motion to dismiss, Mr. Brislin

maintained that the action was filed in the proper venue and that the court had personal

jurisdiction over the defendant on the basis of Ohio's long-arm statute, Revised Code Section

2307.382.

{¶8}     Personal jurisdiction and venue are two distinct legal concepts.  *See Fish v.*

*Nottoli*, 7th Dist. Monroe No. 02-MO-4, 2003-Ohio-6275, ¶ 38.  "[P]ersonal jurisdiction" is

defined as "'[a] court's power to bring a person into its adjudicative process; jurisdiction over a

defendant's personal rights, rather [than] merely over property interests." *Renacci v. Evans,* 9th

Dist. Medina No. 09CA0004-M, 2009-Ohio-5154, ¶ 6, quoting *Black's Law Dictionary* 870 (8th

Ed.2004).  "Venue" is defined as "the particular locality where a suit should be heard, after

jurisdiction is established." *Id*., citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972).

{¶9} This Court concludes that Mr. Albert waived his defense of lack of personal jurisdiction by failing to specifically raise it along with his venue defense in his motion to dismiss. Civ.R. 12(G) and (H)(1). The trial court essentially considered the issue of personal jurisdiction sua sponte since Mr. Albert did not raise it. However, "once the lack of personal jurisdiction was waived, the trial court could not sua sponte address the issue of personal jurisdiction in its judgment entry." *D'Amore v. Mathews*, 193 Ohio App.3d 575, 2011-Ohio-2853, ¶ 34 (12th Dist.). Accordingly, the trial court erred in finding that it lacked personal jurisdiction over Mr. Albert. His first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DISMISSING APPELLANT BRISLIN'S COMPLAINT AGAINST APPELLEE ALBERT FOR IMPROPER VENUE.

{¶10} Mr. Brislin argues in his second assignment of error that the trial court erred in finding that Summit County was not the proper venue for his lawsuit. We agree.

{¶11} This Court reviews a decision on venue for an abuse of discretion. *Renacci*, 2009-Ohio-5154, at ¶ 12. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). We may not substitute our judgment for that of the trial court when applying the abuse of discretion standard. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶12} Civil Rule 3(B) provides, in pertinent part, that:

Any action may be venued, commenced, and decided in any court in any county. * * * Proper venue lies in any one or more of the following counties:

(1) The county in which the defendant resides;

* * *

(3) A county in which the defendant conducted activity that gave rise to the claim for relief;

* * *

(6) The county in which all or part of the claim for relief arose * * *;

(7) In actions described in Civ.R. 4.3, in the county where plaintiff resides;

* * *

(12) If there is no available forum in divisions (B)(1) to (B)(10) of this rule, in the county in which plaintiff resides * * *[.]

Civil Rule 4.3(A)(9) provides that service of process may be effected on a nonresident who

has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's * * * [c]ausing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person to be served might reasonably have expected that some person would be injured by the act in this state[.]

{¶13} Mr. Albert argued in his motion to dismiss that venue was not proper as the action was not commenced where he resided or where all or part of the claim for relief arose. He appended an affidavit wherein he averred that: (1) his permanent residence was in Michigan; (2) he had never resided in Ohio; (3) all of the discussions pertaining to the transaction occurred in Michigan; (4) the promissory note was executed in Michigan; and (5) he was never in Ohio with regard to the transaction. Mr. Brislin argued that venue was proper in Summit County under Civil Rule 3(B)(6) and (7) as it was the county in which all or part of the claim for relief arose and because he was a resident of the county.

{¶14} In granting Mr. Albert's motion to dismiss, the trial court found that Summit County was not the proper venue for the action. The court noted that, although Mr. Brislin alleged that the loan transaction originated in Ohio, it found that: (1) the promissory note does not state where it originated; (2) Mr. Albert's guaranty lists Michigan as the address for both him and the lender; and (3) the guaranty contains a forum selection clause that provides that the

guarantor would submit to the jurisdiction of the court where the lender's loan production office was located, which was in Michigan. The trial court found that Mr. Albert had only minimal contacts with Ohio, and that Michigan was the appropriate venue for the action.

{¶15} This case is analogous to *Renacci*, 2009-Ohio-5154.[1] In that case, the parties entered into a contract wherein the defendant agreed to reimburse the plaintiff for any losses he suffered as a result of his obtaining a line of credit for a Florida corporation. The defendant moved to change venue on the basis that the debt occurred in Florida, the matter involved funding for a Florida corporation that produced products in Pennsylvania, the agreement was governed by the laws of Florida, and he was a Michigan resident. The plaintiff maintained that venue was proper as he was both a resident of Medina County and maintained his principal place of business there. In addition, the plaintiff argued that the action concerned the recovery of funds that were provided and accounted for in the county and that the payments were being made in the county.

{¶16} This Court determined that the trial court did not err in finding that Medina County was the proper venue for the action. *Renacci*, 2009-Ohio-5154, at ¶ 21. Specifically, we recognized that the default occurred in Medina and the repayment was to be cured and reimbursed in the county. *Id*. In addition, the agreement between the parties provided for reimbursement to the plaintiff in Medina. *Id*.

---

[1] We recognize that *Renacci* differs from the instant case insofar as there was a written, rather than an oral, agreement between the parties and no common law contribution claim. We conclude, however, that it is still useful in assisting us in analyzing the question of venue in light of Mr. Brislin's breach of an oral contract claim, which implicates several of the same issues.

**{¶17}** Similarly in the present case, Mr. Brislin alleged that the parties entered into an oral agreement in Summit County wherein each would pay 50 percent of the amount due to the lender each month. He further alleged that he was damaged by Mr. Albert's breach of the agreement as he was forced to pay the entire amount of the monthly payments. Mr. Brislin appended a copy of the default and balance acceleration letter which demonstrates it was mailed from an Akron, Ohio branch of the lender. In his motion to dismiss, Mr. Albert does not dispute that Mr. Brislin is a Summit County resident or that he made more than his proportionate share of the loan payments. He instead relies upon his averments that he is a Michigan resident and never entered Ohio in connection with the transaction. The guaranty attached to the complaint indicates that Mr. Brislin was a Summit County resident at the inception of the loan in 2003.

**{¶18}** Mr. Brislin's allegations are sufficient to establish that Summit County is a proper venue for the action. The trial court's reliance on the terms of the promissory note and guaranty were misplaced as Mr. Brislin's claims against Mr. Albert do not arise specifically from those documents. Rather, he alleges the existence of a separate oral agreement that formed the basis of his breach of contract claim and a right to contribution from Mr. Albert that arose as a result of his allegedly paying more than his share of the outstanding loan balance. "Contribution, when it exists, is the right of a person who has been compelled to pay what another should pay in part to require partial (usually proportionate) reimbursement and arises from principles of equity and natural justice." *Travelers Indem. Co. v. Trowbridge*, 41 Ohio St.2d 11 (1975), paragraph two of the syllabus, *overruled on other grounds* by *Motorists Mut. Inc. Co. v. Huron Rd. Hosp.*, 73 Ohio St.3d 391 (1995), paragraph one of the syllabus. Contribution is not based in contract. *Schwetschenau v. Whitfield*, 177 Ohio App.3d 155, 2008-Ohio-3164, ¶ 9 (1st Dist.).

{¶19} This Court also notes that it is not proper for a trial court to dismiss a complaint on the basis of improper venue. *Singleton v. Denny's, Inc.*, 36 Ohio App.3d 225, 227 (9th Dist.1987). The proper procedure to employ when an action has been commenced in an improper county is to transfer the matter to the proper Ohio county. Civ.R. 3(C). However,

> [w]hen a court * * * determines: (1) that the county in which the action is brought is not a proper forum; (2) that there is no other proper forum for trial within this state; and (3) that there exists a proper forum for trial in another jurisdiction outside this state, the court shall stay the action upon condition that all defendants consent to the jurisdiction, waive venue, and agree that the date of commencement of the action in Ohio shall be the date of commencement for the application of the statute of limitations to the action in that forum in another jurisdiction which the court deems to be the proper forum. If all defendants agree to the conditions, the court shall not dismiss the action, but the action shall be stayed until the court receives notice by affidavit that plaintiff has recommenced the action in the out-of-state forum within sixty days after the effective date of the order staying the original action. If the plaintiff fails to recommence the action in the out-of-state forum within the sixty day period, the court shall dismiss the action without prejudice. If all defendants do not agree to or comply with the conditions, the court shall hear the action.

Civ.R. 3(D)

{¶20} Accordingly, this Court concludes that the trial court abused its discretion in granting Mr. Albert's motion to dismiss on the basis that Summit County was not the proper venue. His second assignment of error is sustained.

III.

{¶21} Mr. Brislin's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT


CARR, J.
CONCURS.

MOORE, J.
CONCURRING IN JUDGMENT ONLY.

{¶22} I agree with the majority's resolution of Mr. Brislin's first assignment of error, but I would approach Mr. Brislin's second assignment of error differently. Although the trial court's order separately supplies the respective law pertaining to personal jurisdiction and venue, I read the trial court's analysis as largely conflating these legally distinct issues, e.g. "the [c]ourt finds that [Mr. Brislin] has not sustained his burden of proof by a preponderance of the evidence that [Mr. Albert] had sufficient minimum contacts with Ohio to subject him to the long arm

statu[t]e of Ohio or venue in Summit County, Ohio." The language contained in the order appears to decide this issue primarily based upon the proposition that the trial court lacked personal jurisdiction over Mr. Albert. I agree with the majority that the trial court erred in essentially sua sponte dismissing this matter on the basis of lack of personal jurisdiction because this issue was not raised in Mr. Albert's motion.

{¶23} Having determined that the trial court erred in dismissing this matter on the basis of lack of personal jurisdiction, I would not proceed to determine whether venue properly lay in Summit County. This is a matter for the trial court to decide in the first instance. Instead, I would set forth the law pertinent to such a determination, as the majority has set forth in paragraphs twelve and nineteen and instruct the trial court to govern itself by that precedent.

APPEARANCES:

JEFFREY W. KRUEGER, Attorney at Law, for Appellant.

DAVID FRIEDMAN, Attorney at Law, for Appellee.